UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JEFFERY WILLIAM PAUL, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 2:10-cv-180-WTL-TAB |
| | ) |
| H.J. MARBERRY, Warden, et al., | ) |
| | ) |
| Defendants. | ) |

**Order Revoking *in forma pauperis*
Status and Directing Payment of Filing Fee**

**I.**

The court may, in appropriate circumstances, revoke its prior order granting a litigant *in forma pauperis* status. *Wartman v. Branch 7, Civil Division, County Court,* 510 F.2d 130, 133 (7th Cir. 1975). This is an appropriate case for such action.

The grant of leave to proceed *in forma pauperis* is **revoked.** The reason for this ruling is that the plaintiff was not eligible to proceed in that fashion at the time he filed this lawsuit. More specifically, the plaintiff is a prisoner and while such has on three or more prior occasions brought an action or appeal that was dismissed on the grounds that it was frivolous or failed to state a claim upon which relief could be granted. Thus, he was ineligible to proceed *in forma pauperis* by 28 U.S.C. § 1915(g). It can be added here that the narrow exception to the barrier created by § 1915(g)–where a prisoner alleges that he "is under imminent danger of serious physical injury"–does not apply to the claims or allegations in the complaint.[1]

---

[1] This barrier may be avoided only if a plaintiff alleges a physical injury that is imminent or occurring at the time the complaint is filed, where the threat or prison condition causing the physical injury must be real and proximate. *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan,* 279 F.3d 526, 529 (7th Cir. 2002), and *Heimermann v. Litscher,* 337 F.3d 781 (7th Cir. 2003)). The plaintiff's claims in the complaint are based on circumstances arising out of a cell extraction that occurred in April of 2010. Thus, the prison condition causing the physical injury is no longer occurring.

## II.

In *Evans v. Illinois Department of Corrections*, 150 F.3d 810 (7th Cir. 1998), it was noted that a prisoner-litigant in these circumstances is entitled to know the cases the court relies on when making the three-strikes determination. For the plaintiff's reference, the cases on which the court relies in finding three or more "strikes" consist of the following:

*Paul v. United States District Court*, No. 2:09-cv-345-LJM-DML (S.D.Ind. December 3, 2009)(dismissing action pursuant to 28 U.S.C. § 1915A(b)).

*Paul v. United States of America*, No. 2:09-cv-346-RLY-WGH (S.D.Ind. December 2, 2009)(dismissing action pursuant to 28 U.S.C. § 1915A(b)).

*Paul v. United States District Court,* No. 2:09-cv-347-LJM-DML (S.D.Ind. December 3, 2009) (dismissing action pursuant to 28 U.S.C. § 1915A(b)).

## III.

The plaintiff shall have **through October 13, 2010,** in which to pay the full filing fee owed for this action. Because an initial partial filing fee of $12.50 was paid (see dkts 3 and 14), the **balance is Three Hundred Thirty-Seven Dollars and Fifty Cents ($337.50)**. This is the sum which, as of the date this Entry is issued, must be paid for the balance of the filing fee to be paid.

Failure to pay the filing fee in full will result in dismissal of this action.

**IT IS SO ORDERED.**

Date: 09/28/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffery William Paul
NO. 10517-042
Terre Haute - USP
P.O. Box 33
Terre Haute, IN 47808

Financial Deputy Clerk