UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JEFFERY WILLIAM PAUL, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 2:10-cv-180-WTL-TAB |
| ) | |
| H.J. MARBERRY, Warden, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion for Summary Judgment**

For the reasons explained in this Entry, the defendants' alternative motion for summary judgment must be granted.

**I. Background**

Jeffery William Paul is confined at the USP-TH, a prison operated by the Federal Bureau of Prisons ("BOP"). In the present action, Paul sues the former Warden of the Terre Haute institution and several other BOP employees pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). The operative pleading setting forth Paul's claims is the amended complaint filed on January 30, 2012. Paul seeks declaratory relief and compensatory and punitive damages. The defendants are each sued in their individual capacities.

Paul's claims are that (1) he was subjected to excessive force during a forced cell extraction on the morning and afternoon of April 27, 2010, (2) the conditions of his confinement following the cell extraction violated the Eighth Amendment, and (3) certain defendants entered into a conspiracy regarding the Eighth Amendment claims.

The defendants have appeared in the action and seek resolution of Paul's claims through dismissal of the action or, in the alternative, through the entry of summary judgment.

Materials outside the pleadings are relied on by the defendants and it is their alternative motion for summary judgment which will be considered. Paul was properly notified of the nature of the defendants' alternative motion for summary judgment, of the proper manner in which to respond, and of the consequences of failing to properly respond. He has responded, but not with any evidentiary materials and not with a statement of material facts in dispute. Paul contends that the information provided to him was inadequate, but the court disagrees.

## II. Summary Judgment Standard

A motion for summary judgment asks that the court find that a trial based on the uncontroverted and admissible evidence is unnecessary because, as a matter of law, it would conclude in the moving party's favor. *See* Fed. R. Civ. Pro. 56. To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to

support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially the grant of summary judgment. Fed. R. Civ. P. 56(e). The court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them," *Johnson v. Cambridge Indus.,* 325 F.3d 892, 898 (7th Cir. 2003). Furthermore, reliance on the pleadings or conclusory statements backed by inadmissible evidence is insufficient to create an issue of material fact on summary judgment. *Id.* at 901.

In applying the foregoing standards, the Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them." *Johnson v. Cambridge Indus.,* 325 F.3d 892, 898 (7th Cir. 2003). Additionally, Paul's status as a pro se litigant does not excuse him from complying with Local Rule 56-(1). *See McNeil v. United States,* 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Cady v. Sheahan,* 467 F.3d 1057, 1061 (7th Cir. 2006) ("even pro se litigants must follow rules of civil procedure"). By not responding properly, Paul has conceded to the defendants' version of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

### III. Discussion

The applicable substantive law dictates which facts are material. *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The Prison Litigation Reform Act of 1995 ("PLRA") requires that prisoners who bring suit in federal court must first exhaust their available administrative remedies. The exhaustion requirement of the PLRA was enacted "to reduce the quantity and improve the quality of prisoner suits" by "afford[ing] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle,* 534 U.S. 516, 524–25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.,* at 532.

The BOP promulgated an administrative remedy system which is codified in 28 C.F.R. §§ 542.10, *et seq*., and BOP Program Statement 1330.16, *Administrative Remedy Procedures for Inmates* (currently BOP Program Statement 1330.17).

The Administrative Remedy process is a method by which an inmate may seek formal review of a complaint related to any aspect of his imprisonment. To exhaust his remedies, an inmate must first file an informal remedy request through an appropriate institution staff member via a BP-8. If the inmate is not satisfied with the informal remedy response, he is required to first address his complaint with the Warden via a BP-9. If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director via a BP-10. If dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel via a BP-11. Once an inmate receives a response to his appeal from the General Counsel, after filing administrative remedies at all required

levels, his administrative remedies are deemed exhausted as to the specific issues properly raised therein.

All administrative remedy requests filed by inmates are logged and tracked in the SENTRY computer database, an electronic record keeping system utilized by the BOP. That database shows the filings of administrative remedy requests by Paul pertaining to the incidents forming the basis of his claims in this case and the responses to those requests.

The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741 n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140, 144 (1992) ("Where Congress specifically mandates, exhaustion is required."). Moreover, the PLRA requires "proper exhaustion." "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90–91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d at 655 ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. See *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). Paul concedes that he did not "properly exhaust" his available administrative remedies. He does this on pages 10-12 of his brief in opposition to the motion for summary judgment filed on August 9, 2013 (dkt. 119). He contends, however, that his failure to exhaust—consisting principally in his failure to timely complete the steps associated with an appeal—was the result of BOP staff hindering his efforts to do so. Because he has not supported

this assertion with evidentiary materials, however, this contention does not support a genuine question of material fact.

To survive a motion for summary judgment, "the nonmoving party must establish some genuine issue for trial such that a reasonable jury could return a verdict in her favor." *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772-73 (7th Cir. 2012). Paul has not met that burden here. "As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." *Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1103 (7th Cir. 2008) (citations omitted).

### IV. Conclusion

It is undisputed that Paul did not properly exhaust his available administrative remedies as required by the PLRA. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that the action should not have been brought and must now be dismissed without prejudice. *See Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002) (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating"); *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

The motion for summary judgment [dkt 108] is therefore **granted.** The motion for discovery and for due process [dkt 134] is **denied as moot.**

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 03/13/2014

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffery William Paul
No. 10517-042
U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808


Electronically Registered Counsel